1   MARC J. WINTHROP – State Bar No. 63218
    mwinthrop@winthropcouchot.com
2   GARRICK A. HOLLANDER – State Bar No. 166316
    ghollander@winthropcouchot.com
3   JEANNIE KIM – State Bar No. 270713
    jkim@winthropcouchot.com
4   **WINTHROP COUCHOT**
    **PROFESSIONAL CORPORATION**
5   660 Newport Center Drive, Suite 400
    Newport Beach, CA 92660
6   Telephone: (949) 720-4100
    Facsimile: (949) 720-4111
7
8   [Proposed] General Insolvency Counsel for
    Debtors and Debtors-in-Possession

9

10              **UNITED STATES BANKRUPTCY COURT**

11               **CENTRAL DISTRICT OF CALIFORNIA**

12                   **SANTA ANA DIVISION**

13

| | |
|---|---|
| 14  In re: | Case No. 8:11-bk-23362 SC |
| 15  ☒  ENERGY AND POWER SOLUTIONS, INC., a Delaware corporation | Jointly Administered with Case Nos. 8:11-bk-23364 SC; 8:11-bk-23365 SC; 8:11-bk-23369 SC; 8:11-bk-23370 SC; 8:11-bk-23372 SC |
| 16 | |
| 17  ☐  DAIRYGEN, LLC, a California limited liability company | |
| 18  ☐  NEC - EPS HOLDING, INC., a Delaware corporation | Chapter 11 Proceedings |
| 19  ☐  FRANKLIN ENERGY CENTER, LLC, a Delaware limited liability company | **INTERIM ORDER APPROVING STIPULATION TO USE CASH COLLATERAL OF SECURED CLAIMANTS** |
| 20 | |
| 21  ☐  LYNN ENERGY CENTER, LLC, a Delaware limited liability company | |
| 22  ☐  COI ENERGY CENTER, LLC, a Delaware limited liability company | DATE:     September 29, 2011 |
| 23 | TIME:     10:00 A.M. |
| 24          Debtors and Debtors-in-Possession. | PLACE:   Courtroom 5C 411 W. Fourth St. Santa Ana, CA 90071 |
| 25 | |

26

27

28

FILED & ENTERED

SEP 30 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY steinber  DEPUTY CLERK

CHANGES MADE BY COURT

On September 29, 2011, at 10:00 A.M., the Court held a hearing to consider the Debtor's Emergency Motion for Order Approving Stipulation for Debtor's Use of Cash Collateral ("Motion")[1] filed by Energy and Power Solutions, Inc., a Delaware corporation, one of the jointly administered debtors and debtors-in-possession herein ("Debtor"). Marc J. Winthrop, Esq., of Winthrop Couchot Professional Corporation appeared on behalf of the Debtor. Other appearances were as reflected on the Court's record of the proceedings.

The Court having reviewed the Motion, the Declaration of Peter Ludlum ("Declaration") filed in support thereof, the pleadings and other documents on file in this Chapter 11 case, and having heard the arguments of counsel, and the Court having found that, pursuant to Rule 6003(d) of the Bankruptcy Code, immediate and irreparable harm would occur if the relief sought by the Motion was not granted, and finding that, under the circumstances of the case, the notice of the hearing on the Motion was sufficient, that the Declaration of Garrick A. Hollander, Esq., in support of the Motion establishes the performance of adequate due diligence regarding the status of Secured Creditors' interests, that the Secured Creditors' interests are adequately protected, and for other good and adequate cause,

**HEREBY ORDERS** that:

1.    The Debtor's Motion is granted;

2.    The Stipulation filed as Exhibit 1 to Interim Order Approving Stipulation to Use Cash Collateral of Secured Claimants (filed on the docket as Document No. 32) and incorporated herein by this reference is approved, on an interim basis;

3.    Silicon Valley Bank ("Bank") and NGEN II, L.P. as collateral agent for the Bridge Note Holders ("Bridge Note Holders") are each granted a replacement lien in the Debtor's assets to the same extent and priority as any duly perfected and unavoidable liens in the Pre-Petition Collateral, respectively, as of the Petition Date, to the extent that the cash collateral of the Bank and the Bridge Note Holders is actually used and to the extent of diminution of value of the Pre-Petition Collateral;

---

[1] Capitalized terms not otherwise defined herein shall have the meaning as set forth in the Motion.

Order#62781#88d4956e-0012-4ecf-aa4d-5b55b3fe6dcb.doc

a. The replacement liens and security interests granted hereby shall be deemed valid, perfected, and, superior to any other security or collateral interest, mortgage, lien or claim in or to the collateral immediately upon entry of this Order, to the same priority, nature, type, extent and scope of any pre-petition liens and security interests of the Bank and the Bridge Note Holders, without taking any further action, notwithstanding any otherwise applicable requirements under state law.  Notwithstanding the foregoing, the Bank and the Bridge Note Holders may file or record such financing statements or other instruments to evidence the replacement liens, but no such filing or recordation shall be necessary or required in order to create or perfect the replacement liens;

b. If any provision of this Order is hereafter modified, vacated, or stayed for any reason, such modification, vacatur, or stay shall not affect the validity, priority, or enforceability of the replacement liens; and

c. To the extent the replacement lien proves insufficient to protect the interests of the Bank and/or the Bridge Note Holders, then the Bank and/or the Bridge Note Holders shall be afforded an administrative claim under Section 507(b) for such deficiency;

4. The Debtor shall forever release any claim, counterclaim, causes of action, defenses or setoff rights, whether arising under the Bankruptcy Code or otherwise, against the Bank, the Bridge Note Holders and each of their respective affiliates, partners, members, agents, officers, directors, employees, attorneys and advisors whether arising under or in connection with the Bank Loan Agreement, the Bridge Note Holders Pre-Petition Loan Agreement, documents related thereto or the transactions contemplated thereunder, the Bank Pre-Petition Obligations, the Bridge Note Holders Pre-Petition Obligations, Bank Pre-Petition Liens or the Bridge Note Holders Pre-Petition Liens, including, without limitation, any right to assert any disgorgement or recovery;

Order#62781#88d4956e-0012-4ecf-aa4d-5b55b3fe6dcb.doc

5.    The foregoing acknowledgments, stipulations and agreements are subject only to the rights of any Committee and parties-in-interest in that the Committee shall have forty-five (45) days from the filing of the *Appointment and Notice of Appointment of Committee of Creditors Holding Unsecured Claims*, but if no Committee is formed, any party-in-interest shall have ninety (90) days from the date of hearing (September 29, 2011), within which to commence an adversary proceeding (collectively, a "Pre-Petition Lien/Claim Challenge") with respect to the validity, priority, extent, perfection, and enforceability of the Bank Pre-Petition Liens, the Bridge Note Holders Pre-Petition Liens, Bank Pre-Petition Obligations, or the Bridge Note Holders Pre-Petition Obligations, or any other claims or causes of action against the Bank and/or the Bridge Note Holders relating to the Bank Loan Agreement and the Bridge Note Holders Pre-Petition Loan Agreement. If such a Pre-Petition Lien/Claim Challenge is not timely commenced within such applicable period set forth above:

a.    the Stipulation and this Order shall be irrevocably binding on the estate, the Committee and all parties-in-interest;

b.    the Bank Pre-Petition Liens, the Bridge Note Holders Pre-Petition Liens, Bank Pre-Petition Obligations, or the Bridge Note Holders Pre-Petition Obligations shall be recognized and allowed as valid, binding, in full force and effect, not subject to any claims, counterclaims, setoffs or defenses;

c.    the Committee and any other party-in-interest shall thereafter be forever barred from bringing any Pre-Petition Lien/Claim Challenge; and

d.    the Bank, the Bridge Note Holders and each of their respective agents, officers, directors and employees shall be deemed released and discharged from all claims and causes of action of any kind, nature or description arising at any time immediately prior to the Petition Date, and all of Debtor's acknowledgements, releases and waivers of claims granted to or in favor of the Bank and/or the Bridge Note Holders relating to the Bank Pre-Petition

Order#62781#88d4956e-0012-4ecf-aa4d-5b55b3fe6dcb.doc

1    Loan and/or the Bridge Note Holders Pre-Petition Loan shall be binding

2    upon all parties-in-interest in the Bankruptcy Case and/or in any subsequently

3    converted case under Chapter 7 of the Bankruptcy Code;

4    6.    In the event that the Debtor should allegedly default in the performance of any of its

5    obligations hereunder, the Bank or the Bridge Note Holders shall provide to the

6    Debtor, the Debtor's counsel, and the 20 largest unsecured creditors, unless a

7    Committee has been appointed, then to the Committee, unless counsel for the

8    Committee has been retained, then to Committee counsel, counsel to ISPE, the

9    buyer under the Asset Purchase Agreement, WilmerHale, Attn:  George W. Shuster,

10    Jr., Esq., 60 State Street, Boston, Massachusetts 02109; e-mail:

11    george.shuster@wilmerhale.com (collectively, the "Noticed Parties") via facsimile,

12    e-mail, and first-class mail, written notice of any such default ("Default Notice").

13    The Debtor shall have a grace period of five (5) business days after the Debtor's

14    receipt of the Default Notice ("Grace Period") within which to cure such default;

15    a.    If the Debtor cures such default, the Bank or the Bridge Note Holders, as the

16    case may be, shall provide written acknowledgement of the Debtor's cure to

17    the Debtor and all other Noticed Parties.  In the event that the Debtor should

18    fail to cure any defaults under this Stipulation within the Grace Period (an

19    "Event of Default"), the Bank or the Bridge Note Holders, as the case may

20    be, must give notice to the Debtor asserting an Event of Default

21    ("Declaration of Default");

22    b.    The Debtor shall be entitled to oppose any such asserted Event of Default by

23    the Bank or the Bridge Note Holders by filing a motion and request for a

24    hearing on shortened time ("Opposition").  The Debtor shall be authorized to

25    use cash collateral pending the resolution of this issue by the Court, for a

26    period of up to four (4) days after receipt of the Declaration of Default.  The

27    Debtor's opposition shall be limited to:

28    i.    whether the asserted default occurred;

Order#62781#88d4956e-0012-4ecf-aa4d-5b55b3fe6dcb.doc

ii.      whether the asserted default is excused; or

iii.     whether the Debtor timely cured the asserted default;

c.      If the Debtor timely files its Opposition, whether the Debtor is authorized to continue its use of cash collateral will depend solely upon whether the Debtor committed an Event of Default, whether the default was excused, or whether it was timely cured, all of which shall be determined by the Court.  If the Court finds that the Debtor did not commit an Event of Default, was excused from committing an Event of Default, or timely cured an Event of Default, the Debtor shall be authorized to continue use of cash collateral.  If, however, the Court finds that the Debtor did commit an Event of Default, was not excused from committing an Event of Default, and failed to timely cure an Event of Default, the Debtor's use of cash collateral shall be immediately revoked upon the date of the Court's entry of an order to that effect;

7.      Notwithstanding anything to the contrary in the Stipulation, no proceeds of the Bank's or the Bridge Note Holders' cash collateral or any pre-petition collateral or debtor-in-possession collateral (or proceeds thereof) shall be used to pay any claims for services rendered by any of the Debtors' professionals, any other entity or the Committee's professionals, if any, in connection with the assertion of or joinder in any claim, counterclaim, action, proceeding, application, motion, objection, defense or other contested matter, the purpose of which is to seek or the result of which would be to obtain any order, judgment, determination, declaration or similar relief (i) invalidating, setting aside, avoiding or subordinating, in whole or in part, the indebtedness or the liens and security interests of the Bank and the Bridge Note Holders in the pre-petition collateral or in the debtor-in-possession collateral, or (ii) preventing, hindering or otherwise delaying, whether directly or indirectly, the exercise by the Bank and the Bridge Note Holders of any of their rights and remedies under the pre-petition loan documents, the Stipulation and/or the Bank's or

Order#62781#88d4956e-0012-4ecf-aa4d-5b55b3f6fdcb.doc

1   the Bridge Note Holders' enforcement or realization upon any of the liens on or

2   security interests in any pre-petition collateral or debtor-in-possession collateral;

3   provided, however, that the foregoing limitations shall not apply to claims for

4   services rendered by the professionals retained by the Committee, if any, in

5   connection with the investigation of the validity, extent, priority, avoidability or

6   enforceability of the pre-petition indebtedness or the Bank's pre-petition liens and

7   security interests in the pre-petition collateral.  The Bank and the Bridge Note

8   Holders shall retain their rights as parties-in-interest to object to any fee applications

9   or other claims of any entity, including, but not limited to, the Debtors' and the

10  Committee's, if any, professionals; and

11  8.    The Debtor shall not be required to make any payments to the Bridge Note Holders

12        until after the sale of substantially all assets of the estate.  As additional adequate

13        protection for the Bank, and pursuant to the terms of the Budget, the Debtor shall

14        pay to the Bank all interest due and owing, as and when due, at the rates charged by

15        the Bank immediately prior to the Petition Date; provided, however, that the rights

16        of the Debtor to seek recharacterization of such interest payments as payments of

17        principal shall be preserved in the event it is ultimately determined that the Bank's

18        claim was not fully secured. The Debtor shall also pay to the Bank, as and when due,

19        all of Bank's customary fees and charges for banking services and cash management

20        services.

21  **IT IS FURTHER ORDERED**, that:

22  9.    A final hearing on the Debtor's use of cash collateral shall be held on **October 27,**

23        **2011 at 10:00 a.m.**  Objections, if any, shall be filed and served such that they are

24        actually received on **October 14, 2011**, and replies, if any, shall be filed and served

25        such that they are actually received on **October 21, 2011**; and

26

27

28

1       10.     No further notice or Court appearance shall be necessary to effectuate the foregoing.

2                              ####

DATED: September 30, 2011

_____
United States Bankruptcy Judge

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 660 Newport Center Drive, 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as: **INTERIM ORDER APPROVING STIPULATION TO USE CASH COLLATERAL OF SECURED CLAIMANTS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐  Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On _____, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 30, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Hon. Scott Clarkson
United States Bankruptcy Court
411 West Fourth Street, Room 5130
Santa Ana, CA 92701

Nancy S Goldenberg      nancy.goldenberg@usdoj.gov
Ivan L Kallick      ikallick@manatt.com, ihernandez@manatt.com
Leo D Plotkin      lplotkin@lsl-la.com, dsmall@lsl-la.com
Counsel to proposed buyer:  george.shuster@wilmerhale.com;benjamin.loveland@wilmerhale.com; Patty.li@wilmerhale.com
Counsel to NGEN II, secured party – Stephen T. O'Neill - soneill@murraylaw.com
☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 30, 2011 | Viann Corbin | /s/ Viann Corbin |
|---|---|---|
| Date | Type Name | Signature |

Order#62781#88d4956e-0012-4ecf-aa4d-5b55b3fe6dcb.doc

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*):  **INTERIM ORDER APPROVING STIPULATION TO USE CASH COLLATERAL OF SECURED CLAIMANTS** was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner indicated below:

**I.    SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of September 30, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Nancy S Goldenberg     nancy.goldenberg@usdoj.gov
Garrick A Hollander     ghollander@winthropcouchot.com,
gcrumpacker@winthropcouchot.com;pj@winthropcouchot.com
Ivan L Kallick     ikallick@manatt.com, ihernandez@manatt.com
Leo D Plotkin     lplotkin@lsl-la.com, dsmall@lsl-la.com
United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
Marc J Winthrop     mwinthrop@winthropcouchot.com, pj@winthropcouchot.com

☐     Service information continued on attached page

**II.    SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐     Service information continued on attached page

**III.    TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

Counsel to proposed buyer:  george.shuster@wilmerhale.com;benjamin.loveland@wilmerhale.com; Patty.li@wilmerhale.com
Counsel to NGEN II, secured party – Stephen T. O'Neill - soneill@murraylaw.com

☐     Service information continued on attached page

Order#62781#88d4956e-0012-4ecf-aa4d-5b55b3fe6dcb.doc